Shawn A. McMillan, Esq. – SBN: 208529
attyshawn@netscape.net
Stephen D. Daner, Esq. – SBN: 259689
steve.mcmillanlaw@gmail.com
Evan D. Pullman, Esq. – SBN: 342431
evan.pullman.mcmillanlaw@gmail.com

THE LAW OFFICES OF SHAWN A. MCMILLAN, APC.
4955 Via Lapiz
San Diego, California 92122
Telephone: (858) 646-0069
Facsimile: (858) 746-5283

Attorneys For The Minor, N.L. by and through his
guardian *ad litem*, Jacqueline Arce

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.L., a minor, by and through his Guardian *Ad Litem*, Jacqueline Arce | **Case Number:** |
| | **COMPLAINT FOR DAMAGES** |
| vs. | |
| Hanford Joint Union High School District, a local public entity; Brad Felder, an individual; and, DOES 1-10. | **1)   Assault/Battery** |
| | **2)   Negligence** |
| | **3)   Civil Code §§ 43 and 52.1** |
| | **4)   Negligent Supervision** |
| | **5)   42 U.S.C. §1983** |
| | *– State Created Danger* |
| | *– Special Relationship* |
| | **6)   42 U.S.C. §1983** |
| | *– Monell Related Claims* |
| | ***DEMAND FOR JURY TRIAL*** |

**Jurisdiction and Venue**

1.      This Court has original Federal Question Jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, over Plaintiff's claims for Violation of Civil Rights 42 U.S.C. §1983.

2.      The acts and omissions complained of herein occurred in Kings County, California. It is believed that all living parties currently reside in Kings County. Plaintiff makes the following allegations and claims upon personal belief, investigation of her counsel, and on information and belief.

3.      This action is brought, at least in part, pursuant to 42 U.S.C. §1983 to seek redress for Defendants' actions and or omissions taken under color of law which violated Plaintiff's rights arising under the 1st, 4th, and 14th Amendments to the United States Constitution. In addition, this action is brought to seek redress, under state law, for Defendants' acts and/or omissions which caused Plaintiff's injuries.

**Compliance With Tort Claims Statute**

4.      On, or about, March 3, 2023, Plaintiff, through counsel, served his Notice of Tort Claim as required under California's Tort Claims Act.

5.      On, or about, March 29, 2023, Defendant Hanford Joint Union High School District rejected the aforementioned Claim and provided Plaintiff notice of such rejection.

6.      Plaintiff has timely filed the instant action.

**The Parties**

7.      Minor Plaintiff, N.L., is and was at all times mentioned herein a resident of within the boundaries of the Hanford Joint Union Highschool District, and attended Hanford Highschool, located at 823 West Lacey Blvd.; Hanford, California, 93230. Jacqueline Arce is N.L.' mother, legal guardian, and guardian *ad litem*.

8.     At all times mentioned herein, the Defendant Hanford Joint Union Highschool District is, and was, a public entity, i.e., a public school district.

9.     At all times applicable herein Hanford Highschool and its employees, including its teachers were under the management and control of Hanford Joint Union Highschool District.

10.     At all times applicable herein, N.L.' teacher, Defendant Brad Felder, and unknown DOES 1-10, were individuals residing, on information and belief, in or nearby Hanford California and were at all times acting within the course and scope of their respective duties as officers, agents, and/or employees of Hanford Joint Union Highschool District. This suit is brought against these persons, and each of them, in both their individual and official capacities as employees of the Hanford Joint Union Highschool District.

11.     This suit is also brought against DOES 1 through 10, who are unidentified responsible parties. The right to amend this Complaint and to name such public employees, when their true names and capacities are ascertained, is specifically and expressly reserved.

12.     Plaintiff is informed and believes and thereon alleges that each of the above named Defendants, including the fictitiously named public employees (DOES 1-10) are responsible in some manner for the occurrences herein alleged, and that said persons proximately caused, are responsible for, and/or legally liable for Plaintiff's damages as further alleged.

13.     Plaintiff is ignorant of the true names and capacities of those persons sued herein as DOES 1 through 10, and for that reason has sued such Defendants under such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to identify the DOE Defendants when their identities have been ascertained.

14.     Each of the fictitiously named DOE Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiff in that their conduct caused, in some manner, the damages and injuries set forth herein.

15.     Whenever this Complaint makes reference to any act of any of the Defendants, such allegations shall be deemed to mean all Defendants, including DOE Defendants, or their officers, agents, managers, representatives and/or employees. It is further alleged that Defendants, and each of them, authorized such acts while actively engaged in the operation, management, direction or control of the affairs of each of the remaining Defendants (or any of them) and while acting within the course and scope of their respective duties, except as specifically alleged to the contrary.

16.     At all relevant times Defendants, and each of them, were the knowing agents and/or alter egos of one another. Defendants directed, ratified, and/or approved each other's conduct and that of each other's agents and/or employees. Defendants, and each of them, agreed upon, approved or ratified each other's conduct, or otherwise conspired together to commit all of the acts and/or omissions alleged herein.

17.     Plaintiff is informed and believes and on such basis alleges that, at all relevant times, the Hanford Joint Union Highschool District, the public employees mentioned herein, including but not limited to Defendant Brad Felder, and DOES 1 through 10, and each of them, were the knowing agents and/or alter egos of one another, and that each directed, ratified, and/or approved the conduct of each of the other, as well as their respective agents or employees, and are therefore vicariously liable for the acts and omissions of each culpable entity or individual mentioned herein.

**<u>Specific Acts That Caused Injury</u>**

18.     On information and belief, on or about November 10, 2022, during his P.E. class, N.L.' teacher, Mr. Felder, engaged in threatening, intimidating, and

coercisve conduct which included but was not limited to belittling comments and remarks toward N.L. in front of other students as part of his effort to pressure N.L. to engage in unsafe activities with other students. Mr. Felder negligently and/or intentionally pressured and directed N.L. to engage in said inherently dangerous activities without due care or regard for the foreseeable risks of injury to N.L..

19.     Once N.L. had sustained injury, i.e., broke his arm, Defendant Felder continued to pressure N.L. to engage in further dangerous activities and threatened N.L. saying words to the effect of, "you better not get me in trouble." At all times, Mr. Felder, and other school staff (DOES 1-10) had both common law and statutory duties to supervise N.L. and the other children under their charge and care and to protect them from danger – or at least not put them in danger. Mr. Felder, and other school staff (DOES 1-10) breached their respective common law and statutory duties to properly supervise N.L. and protect him from foreseeable dangers. As a direct and proximate result of Mr. Felder and DOES 1-10's acts and omissions, N.L. suffered serious physical and emotional injuries.

20.     Hanford Joint Union Highschool District is vicariously responsible for the conduct of its employees, including Felder and DOES 1-10.

21.     As the direct and proximate result of the acts and omissions the aforementioned prospective Defendants, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury all to an extent and in an amount subject to proof at trial.

22.     In addition to breaching their common law and mandatory statutory duties to supervise and protect Plaintiff, the acts and omissions of these Defendants, and each of them, also violated Plaintiff's rights arising under California Civil Code sections 43  and 52.1, which entitle Plaintiff to compensatory and punitive damages, injunctive relief, statutory civil penalties (including $25,000.00 as to each individual defendant) and, potentially, attorney's fees.

---

**COMPLAINT FOR DAMAGES**                                                    - 4 -

23.     In doing the acts alleged herein above, the aforementioned Defendants, and each of them, knew or should have known that their actions would, or were likely to injure and damage Plaintiff. Hanford Joint Union Highschool District is vicariously responsible for the conduct of its employees while acting within the course and scope of their duties.

24.     Because Hanford Joint Union Highschool District, and its aforementioned employees, stood in *loco parentis* with Plaintiff, it and its employees owed Plaintiff a duty to act reasonably to ensure his continued safety and security while on school grounds engaged in school activities. A preexisting special relationship between Hanford Joint Union Highschool District and Plaintiff therefore existed at all relevant times mentioned herein.

25.     Hanford Joint Union Highschool District and its agents and employees, including Mr. Felder and DOES 1–10, and each of them, breached their respective duties of care by, but not limited to engaging in the conduct alleged herein above.

26.     As a direct and proximate result of the Hanford Joint Union Highschool District's employees' acts and omissions, Plaintiff has suffered physical injury, extreme emotional and physical distress, including but not limited to fright, nervousness, sleeplessness, anxiety, worry, shock, humiliation, and indignity, to an extent and in an amount subject to proof at trial.  Nobody, including Plaintiff, could reasonably be expected to endure the types of affront inflicted upon Plaintiff, without sustaining the type of damages herein alleged.

### FIRST CLAIM FOR RELIEF

### Assault/Battery

(By Plaintiff Against Defendants Felder and DOES 1 through 10)

27.     Plaintiff realleges all of the allegations set forth above, and to the extent applicable, incorporates them herein by this reference as if set forth in full.

28.     Defendant Felder and DOES 1-10, and each of them, intended to cause a harmful or offensive contact with N.L., and in fact did cause such a harmful and/or offensive contact with N.L..

29.     On at least one occasion, Defendants Felder and DOES 1-10, and each of them, caused N.L. to experience imminent fear of a harmful or offensive contact, and an offensive contact with N.L. resulted.

30.     Being a minor of tender years, N.L. could not legally consent and in any case did not consent to Defendant Felder and DOES 1-10's conduct/contact.

31.     As a direct and proximate result of the Defendants' conduct, N.L. was harmed and suffered severe emotional and physical injury and is thereby entitled to recover damages in an amount according to proof at trial.

32.     Defendants' malicious, despicable, and/or wrongful conduct as herein alleged was intentional, done with malice, and/or with a conscious disregard for Plaintiff's rights, and as a result of this conduct, Plaintiff is entitled to recover punitive damages according to proof at trial against these individual defendants.

**SECOND CLAIM FOR RELIEF**

**Negligence; Breach of Duty of Due Care Arising Under Special Relationship**

(By Plaintiff Against Hanford Joint Union Highschool District  (Vicarious Liability), Brad Felder, and DOES 1 through 10)

33.     Plaintiff realleges all of the allegations set forth above, and to the extent applicable, incorporates theme herein by this reference as if set forth in full.

34.     Defendants Hanford Joint Union Highschool District and its employees, including Brad Felder and DOES 1 through 10, and each of them, at all times enjoyed a special relationship with the Plaintiff, a district pupil, arising from the mandatory character of his school attendance and the comprehensive control exercised over him by school personnel and thus owed him a special duty of care to protect him from violence and/or other unsafe engagements on campus.

---

35.     Because of the aforementioned special relationship, the aforementioned duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties, including other students, acting negligently or intentionally. *C.A. v. William S. Hart Union High School District*, (2012) 53 Cal.4th 861, 869.41.

36.     Tort liability for governmental entities is based upon statute. *Guerrero v. South Bay Union School Dist.*, 114 Cal. App. 4th 264, 268. Government tort liability is imposed against governmental entities where there is vicarious liability for employees and independent contractors for acts and omissions within the scope of their employment (Gov. Code, §§ 815.2, 815.4); and for failures to discharge mandatory statutory duties (Gov. Code, § 815.6). (5 Witkin, Summary of Cal. Law (9th ed. 1990) Torts, § 224.) By contrast, a public employee is liable for common law torts to the same extent as a private person. (Gov. Code, § 820.)

37.     In addition, public school districts have an affirmative duty to combat abuse on their campuses under Chapter 2 of California's Education Code. "It is the policy of the State of California to afford all persons in public schools, regardless of their…gender…equal rights and opportunities in the educational institutions of the state. The purpose of this chapter is to prohibit acts that are contrary to that policy and to provide remedies therefor." (Ed. Code, § 200.)

38.     Despite the existence of the aforementioned special relationships and concomitant duties, the individual Defendants, including DOES 1 through 10, and each of them, breached the duties of due care owed to N.L. under said special relationships while acting within the scope of their agency or employment with Defendant School District, by failing and neglecting to fulfill or perform their respective duties to control, monitor, care for, and protect Plaintiff's health, security, safety and well-being while he remained under their respective care and supervision/control.

39.     The individual Defendants, including Felder and DOES 1 through 10, and each of them, breached the aforementioned duties of care in that, on information and belief, these Defendants, and each of them, knew that they were forcing N.L. to engage in inherently dangerous behaviors that he did not wish to engage in for fear of being injured. Notwithstanding their knowledge of the inherently dangerous nature of the aforementioned activities, the individual Defendants, and each of them, failed to take reasonable steps and/or implement reasonable safeguards to avoid and prevent the injurious behaviors including, but not limited, to preventing Defendant Felder from forcing his students to engage in such behaviors.

40.     California Government Code, §820 provides that an employee of a public entity is liable for his or her acts or omissions to the same extent as a private person, and under California Government Code, §815.2 the public entity that employs the individual is vicariously liable for the torts of its employees committed in the scope of employment. As such, to the extent the individual Defendants are liable as alleged above, then Defendant School District is vicariously liable in that all of the aforementioned acts and omissions were undertaken in the course and scope of the individual Defendants' (including Felder's) agency and/or employment.

41.     As a direct and proximate result of the breach of duty of due care under the respective special relationships created and existing between Plaintiff and each of these Defendants, Plaintiff suffered severe injuries and damages as alleged herein, including but not limited to physical, emotional and/or psychological abuse, neglect, and mistreatment, which was reasonably foreseeable and could, should, and/or would have been prevented in the exercise of due care.

42.     Plaintiff further alleges that these Defendants, and each of them, failed and neglected to establish and implement policies and procedures to insure the health, safety and well-being of Plaintiff and other minors, including, but not

limited to, the failure to develop and institute policies and procedures for ensuring that children in N.L.' circumstances were not forced against their will to participate in dangerous activities on campus during regular school hours.

43.     As a direct and proximate result of these Defendant' misconduct, Plaintiff has suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish, among other things.

**SECOND CLAIM FOR RELIEF**

**Violation of State Civil Rights Civil Code §§43 and 52.1**

(By Plaintiff Against Hanford Joint Union Highschool District  (Vicarious Liability), Brad Felder, and DOES 1 through 10)

44.     Plaintiff realleges all of the allegations set forth above, and to the extent applicable, incorporates theme herein by this reference as if set forth in full.

45.     Pursuant to California Civil Code § 52.1, any person, whether or not acting under color of law, who interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state may bring a civil action for damages, including damages as prescribed under Civil Code §52.

46.     The right to bodily autonomy is a fundamental right protected by the substantive due process. The fundamental Constitutional right to bodily autonomy includes the right to be free from physical injury. It also includes the right to be free from the infliction of unnecessary pain.

47.     A special relationship was established between these Defendants, and each of them and N.L. under which Defendants owed N.L. and similarly-situated minor students a duty of due care and a duty to protect them from foreseeable harm and injury.

48.    Defendants Felder and DOES 1-10, and each of them, intentionally violated N.L.'s constitutional right to bodily autonomy as specifically alleged in greater detail above. Indeed, by threats, intimidation, and coercive conduct Defendants Felder and DOES 1-10, and each of them, caused the minor Plaintiff, N.L., to reasonably believe that if he exercised his right to bodily autonomy, i.e., his right to refrain from engaging in obviously dangerous activities while participating in school programs on school grounds during regular school hours, Defendant Felder and DOES 1-10 would commit violence against him or otherwise cause others to comint acts of violence against him.

49.    On information and belief, when Defendants Felder and DOES 1-10, and each of them did the things herein alleged, they were deliberately indifferent to N.L.'s constitutional rights and intended to violate them.

50.    As a direct and proximate result of these Defendant' misconduct, Plaintiff has suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish, among other things. Defendants' conduct as alleged herein was a substantial factor in causing Plaintiff's injuries.

## FOURTH CLAIM FOR RELIEF

### Negligent Supervision of Employees and Children; Negligent Retention

(By Plaintiff Against Hanford Joint Union Highschool District

and DOES 1 through 10)

51.    Plaintiff realleges all of the allegations set forth above, and to the extent applicable, incorporates theme herein by this reference as if set forth in full.

52.    Defendants, including DOES 1 through 10, and each of them, were at all relevant times responsible for the day-to-day operation of the school grounds where N.L. attended school. This responsibility included, among other things, the responsibility to supervise N.L. in such a manner as to prevent him from being physically abused or otherwise negligently or intentionally injured while on school

---

grounds during regular school hours. It also included the duty to adequately supervise its employees to ensure they did not harm children on campus. To wit: A school district and its personnel owe students "the duty to use reasonable measures to protect them from foreseeable injury at the hands of third parties acting negligently or intentionally." *Roe v. Hesperia Unified Sch. Dist.*, 85 Cal. App. 5th 13, 25 (2022).

53.     Along the same lines, Defendants Hanford Joint Union Highschool District and DOES 1 through 10, and each of them, had the duty to supervise Defendant Felder in the disposition of his duties and to, through adequate supervision, ensure that he did not physically abuse children under his care/supervision, or otherwise cause them to be abused or injured on school campus during regular business hours. Specifically, a public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who is known to engage in harassing or abusive behaviors.

54.     School administrators, i.e., DOES 1-10, knew that Defendant Felder was, at all relevant times, not safe to be around, or in charge of, children. On information and belief, at all relevant times prior to N.L.' encounter with Defendant Felder, DOES 1-10, and each of them, were aware that Felder posed a serious danger to children in his classes or under his supervision.

55.     It was reasonably foreseeable that N.L. and/or other children would sustain serious injury due to Defendant Felder's known behaviors as alleged herein-above. See, e.g., *Doe v. Lawndale Elementary Sch. Dist.*, 72 Cal. App. 5th 113, 132 (2021).

56.     Through their interactions with Felder, and their observations of his behaviors with children on campus, including N.L., Defendants, including DOES 1 through 10, and each of them, knew or through the exercise reasonable care and

diligence, should have known that Felder posed a high risk of physical and emotional abuse to children, including N.L..

57.     These Defendants, and each of them, knew or in the exercise of reasonable care should have known of Felder's dangerous propensities, but nevertheless hired him, retained him, and failed to properly supervise him.

58.     On information and belief, the school district's administrators and other supervisory employees are and were at all relevant times responsible for taking reasonable measures to guard N.L., and other similarly situated students, against harassment and abuse from foreseeable sources, like Defendant Felder.

59.     Predictably, as a direct and proximate result of these Defendants' neglectful acts and omissions, Felder was given free reign to emotionally and physically abuse N.L., or otherwise cause him to be so abused. and thereby caused him significant harm, injury, and damage.

60.     These Defendants' negligence in supervising and retaining Felder was a substantial factor in causing N.L.'s harm and injury in a sum and amount according to proof at trial.

**FIFTH CLAIM FOR RELIEF**

**Violation of Constitutional Rights (42 U.S.C. Sec. 1983)**

**State Created Danger/Special Relationship**

(By Plaintiff Against Defendants Brad Felder, and DOES 1 through 10)

61.     Plaintiff realleges all of the allegations set forth above, and to the extent applicable, incorporates theme herein by this reference as if set forth in full.

62.     The right to bodily autonomy is a fundamental right protected by substantive due process. The fundamental right to bodily autonomy includes the right to be free from physical injury. It also includes the right to be free from the infliction of unnecessary pain.

63.     A special relationship was established between these Defendants, and each of them, and N.L. under which Defendants owed N.L. and similarly-situated

1  minor students a duty of due care and a duty to protect them from foreseeable

2  harm and injury, including N.L.

3      64.    In addition, the government's acts or omissions support a § 1983

4  claim where, as here, a government agent, like the individual Defendants herein,

5  affirmatively place the Plaintiff at risk of harm with deliberate indifference to a

6  known or obvious danger. That is to say, when a government actor, like a teacher

7  for example, affirmatively places a student in a position of danger or otherwise

8  exposes that student to a danger which he would not have otherwise faced.

9      65.    At all relevant times alleged herein, Defendants Felder and DOES 1-

10  10, and each of them, were acting within the course and scope of their duties as

11  Defendant Hanford Joint Union Highschool District's employees and under color

12  of law.

13      66.    Defendants Felder and DOES 1-10, and each of them, knew or in the

14  exercise of reasonable diligence, should have know of the dangers inherent in

15  forcing a diminutive child like N.L. to engage in physically demanding and

16  potentially injurious behaviors would result or foreseeably could result in serious

17  physical injury.

18      67.    Thus, any reasonable school teacher in Defendants Felder and DOES

19  1-10's situation would have known that forcing a student to engage in such

20  dangerous activities not only posed a high risk of physical injury to the student,

21  but also violated that student's rights under the United States Constitution.

22      68.    Nonetheless, Defendants Felder and DOES 1-10, and each of them

23  exposed N.L. to a high risk of serious bodily injury by harassing him and forcing

24  him to engage in said physical activities against his will.

25      69.    But for the misconduct of Defendants Felder and DOES 1-10, and

26  each of them, N.L. would not have been exposed to these dangerous conditions,

27  situations, and circumstances.

28

**COMPLAINT FOR DAMAGES**                                    - 13 -

70.     In electing to harass, coerce, and intimidate N.L. (and thereby force him) to participate in said dangerous activities, Defendants Felder and DOES 1-10 acted with deliberate indifference to N.L.'s safety and known rights despite knowing of N.L.'s exposure to the aforementioned known dangers.

71.      It was entirely foreseeable that by placing N.L. in contest with a much larger and stronger student would result in serous injury to N.L.; and, that forcing him to compete in such a circumstance against his will was dangerous and would cause N.L. significant emotional distress and disturbance even if he had not suffered serious physical, injury.

72.     Further, supervisory Defendants DOES 1-10, and each of them knew, or in the exercise of reasonable diligence should have known, that their subordinate, Defendant Felder committed and had a history of and propensity to commit the misconduct alleged *supra*, but none the less they approved of and/or ratified the actions of Defendant Felder and thereby acquiesced in his wrongful conduct. In doing the things herein alleged, these supervisory Defendants, DOES 1-10, and each of them, were deliberately indifferent to N.L.'s rights to continued safety, security, and adequate care and supervision.

73.     These Defendants, and each of them, knew that the alleged misconduct created a substantial risk of harm to N.L.

74.     In spite of their knowledge, these Defendants, and each of them, disregarded that substantial risk by either failing to take action to prevent Felder's wrongful conduct or expressly and/or impliedly approved it.

75.     The acts and/or omissions of Defendants Felder and DOES 1-10, and each of them, as described herein above were a substantial factor in causing N.L. to suffer serious injury and harm. That is to say, their misconduct was the moving force that caused N.L.'s injury. Indeed, as a direct and proximate result of these Defendants' misconduct, N.L. suffered damages thereby – including serious

physical injury and emotional distress in an amount to be ascertained and according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### Violation of Constitutional Rights (42 U.S.C. Sec. 1983)

### *Monell* Related Claims

(By Plaintiff Against Defendant Hanford Joint Union Highschool District)

76.     Plaintiff  hereby refers to, incorporates by reference, and realleges all other paragraphs of this Complaint as if set forth in full.

77.     Defendant Hanford Joint Union Highschool District is a "person" within the meaning of 42 U.S.C. § 1983 and subject to liability under 42 U.S.C. §1983.

78.     The individual Defendants, and each of them, acted under color of state law when committing the acts alleged herein, in violation of Plaintiff's rights.

79.     Defendant Hanford Joint Union Highschool District, including through those individuals who in their official capacities who had supervisory and/or policy making authority, had a duty to Plaintiff at all times to establish, implement and follow policies, procedures, customs and/or practices which conform with, and provide, the protections guaranteed under the United States Constitution.

80.     N.L. had a recognized and protected liberty interest in reasonable safety, security, supervision he was a under the care and supervision of Hanford Joint Union Highschool District and its staff.

81.     Based on the duties charged to its staff, including the duty to refrain from creating dangerous conditions to children during school and educational activities, the Hanford Joint Union Highschool District knew or should have known of the need to establish policies and/or customs required to protect the civil rights, safety, and well being of children under its care and supervision and to

1  adequately train its staff to comply with federal and state mandates related to the

2  education, safety, and supervision of children under its care and supervision.

3      82.    At the time of the underlying events, the Hanford Joint Union

4  Highschool District policies, customs, and practices included, but were not limited

5  to refraining from directing, mandating, instructing, and training its teachers that

6  they may not coerce students to engage in unwanted physical touching or

7  activities.

8      83.    Moreover, on information and belief, the School District has no

9  policy, procedure, or training in place to ensure its teachers do not coerce, harass,

10 belittle, or otherwise force students to engage in unwanted physical activities.

11     84.    In addition, the School District has no policy, procedure, or training

12 in place which requires its teachers to report to the administration anytime a

13 student sustains serious physical injury while engaged in school activities on

14 school grounds, during regular school hours.

15     85.    The School District Defendant also had a policy, custom, and or

16 practice of inadequately training and/or supervising and/or failing to train and/or

17 supervise and/or discipline its officers, agents and employees, in providing the

18 constitutional protections guaranteed to individuals, including those under the

19 Fourteenth Amendment, when performing actions related to the supervision of

20 school activities on school grounds during regular school hours.

21     86.    Defendant Hanford Joint Union Highschool District, including

22 through its employees who are also Defendants herein, established and/or

23 followed the aforementioned procedures, customs, and/or practices and inadequate

24 supervision and training of its staff with deliberate indifference to the known

25 rights, health, safety, and welfare of students under its direct, and daily,

26 supervision.

27     87.    The aforementioned procedures, customs, and/or practices and

28 inadequate supervision and training of its staff were the moving force behind the

1  violations of Plaintiff N.L.'s constitutional rights, including those under the
2  Fourteenth Amendment, by, but not limited to allowing to develop and persist the
3  foregoing customs and/or practices.

4     88.    In light of the duties assigned to its teaching staff, including
5  Defendant Felder, the need for more or different training regarding the rights of
6  Defendant Hanford Joint Union Highschool District's students was so obvious,
7  and the inadequacy so likely to result in the violation of constitutional rights, that
8  the any reasonable governmental entity in Hanford Joint Union Highschool
9  District's circumstances would have taken steps to ensure more or better training
10 and supervision was provided.

11    89.    The Hanford Joint Union Highschool District knew or should have
12 known that a child has right to be free of harassment, coercion, derision by/from
13 its teaching staff, as well as the right to refuse to participate in dangerous or
14 potentially dangerous physical activities. However, on information and belief, the
15 Hanford Joint Union Highschool District was deliberately indifferent to the need
16 for such policies and training in that it knowingly refrained from (1) revising
17 and/or implementing relevant policies, and (2) training it staff that their students
18 child must be supervised, protected from harm, and provided reasonable physical
19 and emotional safety while participating in school/educational activities, on
20 campus, during regular school hours but deliberately .

21    90.    At all relevant times Defendants Felder and DOES 1-10 were acting
22 pursuant to and in accordance with the Hanford Joint Union Highschool District's
23 polices, practices, customs and/or training – including the above identified
24 policies, customs, practices and/or training, or lack thereof.

25    91.    On information and belief, Defendants Felder's and DOES 1-10's
26 actions and conduct were undertaken with supervisor and/or managerial approval.
27 Moreover, the and/or did not investigate or discipline Defendants Felder or DOES
28 1-10 for or in relation to their respective conduct, acts, and/or omissions alleged

---

**COMPLAINT FOR DAMAGES**          - 17 -

herein. Indeed, on further information and belief, the Hanford Joint Union Highschool District regularly fails to discipline and/or investigate its staff for constitutional violations or failure to protect and/or supervise and control its students while engaged in educational activities on campus during regular school hours.

92.    On information and belief Defendant Hanford Joint Union Highschool District considered and examined its agents and/or employees acts and conduct involving N.L., as alleged herein, including those of Defendants Felder and DOES 1-10, and ratified and/or approved such acts and conduct.

93.    Defendant Hanford Joint Union Highschool District, including by and through its employees Defendants Felder and DOES 1-10, and its policymaking officials, breached its duties and obligations to Plaintiff by, but not limited to, deliberately and indifferently failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with constitutional safeguards; and by deliberately permitting these Hanford Joint Union Highschool District Defendants, and each of them, to engage in the unlawful and unconstitutional conduct as herein alleged with a total indifference to the rights of affected their school children, including N.L.

94.    Defendant Hanford Joint Union Highschool District knew, or should have known, that by breaching the above-mentioned duties and obligations that it was reasonably foreseeable that its agency policies, practices, customs, and usages would, and did, cause N.L. to be seriously injured and damaged by Hanford Joint Union Highschool District's wrongful policies, practices, customs and/or training or deliberate lack thereof. Yet, Hanford Joint Union Highschool District was deliberately indifferent to the risk of such injury or harm, and was deliberately indifferent to the need for better training and supervision.

95.     Indeed, on information and belief, the Hanford Joint Union Highschool District does not provide training to its employees on all policy updates, and does not expect its teaching staff to know every policy or procedure which relates to the safety and supervision of children under their care on a daily basis.

96.     The Hanford Joint Union Highschool District failed to train its staff and agents on the constitutional rights of a school age children attending its schools, like for example the Plaintiff (N.L.), including but not limited to:

a.     the right to remain free of dangerous conditions;

b.     the right to safety, security, and proper supervision;

c.     the right to remain free of harassment, intimidation, humiliation, and derision by school and/or teaching staff while participating in official school activities during regular school hour on school grounds;

97.     The Hanford Joint Union Highschool District's failure to train its agents on these established constitutional rights was a substantial factor in causing N.L.'s harm and injuries. Without adequate training, Defendants Felder and DOES 1-10, and each of them, were unfamiliar with and oblivious to N.L.'s rights.

98.     The aforementioned breaches and failures by Hanford Joint Union Highschool District occurred in contravention of public policy and its legal duties and obligations to N.L.

99.     The above actions and/or inactions, namely the customs, practices, procedures and/or training, or lack thereof, of Defendant Hanford Joint Union Highschool District were the moving force behind, and direct and proximate cause of N.L.'s serious physical and emotional injury as alleged herein. As a result, N.L. has sustained general and special damages in an amount to be ascertained and according to proof at trial.

**Jury Trial Demand**

100.   Plaintiff demands a jury trial on each Claim for Relief set forth above

---

**COMPLAINT FOR DAMAGES**                                                  - 19 -

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants, as to all Claims For Relief, as follows:

1.     General damages and special damages according to proof, but in no event less than $250,000;

2.     As against Brad Felder, and DOES 1 through 10, punitive damages as allowed by law;

3.     Costs of suit incurred herein including reasonable attorneys' fees as prescribed by 42 U.S.C. §1988; and

4.     Such further relief as the Court deems just and proper.


Dated: July 25, 2023          The Law Offices of Shawn A. McMillan, APC

/S/Shawn A. McMillan
Shawn A. McMillan, Esq.
Stephen D. Daner, Esq.
Evan D. Pullman, Esq.
Attorneys for the Minor Plaintiff, N.L.