# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. L., a minor, by and through his Guardian *ad Litem*, Jacqueline Arce.<br><br>Plaintiff,<br><br>v.<br><br>HANFORD JOINT UNION HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:23-cv-01216-KES-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER<br><br>ORDER SETTING PRETRIAL CONFERENCE AND TRIAL DATES<br><br>(ECF No. 19) |

Currently before the Court is the parties' stipulation to amend the scheduling order, which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 19.) On December 5, 2023, a scheduling order issued, which contains the following relevant deadlines:

1. Non-Expert Discovery Deadline: **February 28, 2025**;
2. Expert Disclosure Deadline: **March 28, 2025**;
3. Supplemental Expert Disclosure Deadline: **April 18, 2025;**
4. Expert Discovery Deadline: **June 20, 2025**; and
5. Dispositive Motion Filing Deadline: **November 21, 2025**.

(ECF No. 14.) This is the parties' first request to modify the scheduling order.

For the following reasons, the Court shall deny the parties' motion to modify the scheduling order to re-open fact discovery and shall grant the modification of the expert and dispositive motion deadlines.

1

1    Additionally, due to no district judge being assigned to the case at the time of the
2    scheduling conference, neither the pretrial conference nor trial dates were set. The Court shall set
3    dates in the instant order in accordance with the assigned district judge's availability.

## I.

## LEGAL STANDARD

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

///

///

2

## II.

## DISCUSSION

On March 21, 2025, the parties filed a stipulation to modify the December 5, 2023 scheduling order as follows: extend the non-expert discovery deadline from February 28, 2025 to August 29, 2025; expert disclosure deadline from March 28, 2025 to September 26, 2025; supplemental expert disclosures from April 18, 2025 to October 17, 2025; expert discovery deadline from June 20, 2025 to December 19, 2025; and dispositive motion filing deadline from November 21, 2025 to May 22, 2026. (ECF No. 19.)

The parties contend that they have worked cooperatively to advance this matter through fact discovery, including exchanging initial disclosures, exchanging written discovery, producing documents, and meeting and conferring on and taking depositions. However, Defendants have not taken the in-person deposition of Plaintiff, and due to Plaintiff's counsel's upcoming medical procedure and anticipated three-month recovery time, Defendants will be unable to notice and take the deposition for a period of several months. Plaintiff's counsel also desires to take the deposition of an employee of the Hanford Joint Union High School District ("District") who is currently on medical leave and unavailable to be deposed.

### A.     The Court Denies the Parties' Motion to Reopen Non-Expert Discovery

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N.

1  Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

2  The parties do not acknowledge that the non-expert discovery deadline expired on February 28, 2025.  Nor do the parties proffer any reason for the subsequent three week delay in moving for modification of the scheduling order.  The parties instead represent that they have discussed the case schedule and agree that their respective claims and defenses will be better developed for resolution on the merits by permitting counsel and their witnesses additional time to prepare for and complete necessary fact depositions.  The Court does not dispute the parties' stipulated position.  However, the parties are requesting that the Court sanction the retroactive reopening of non-expert discovery without making any showing of diligence to meet the February 28, 2025 deadline.  Upon consideration of the legal standards and the parties' proffered reasons for the extension, the Court finds the parties have not been diligent and will therefore deny the parties' request to reopen non-expert discovery.

13  "Good cause" means scheduling deadlines cannot be met despite the party's diligence. Mammoth Recreations, Inc., 975 F.2d at 609.   The instant motion is devoid of any explanation that even with the exercise of due diligence, the parties could not complete non-expert discovery by February 28, 2025.  For example, Defendants only proffer they "have not yet been able to take the in-person deposition of Plaintiff."  (ECF No. 14 at 2.)  However, Defendants fail to make any showing that, despite diligent efforts, they could not depose Plaintiff between December 5, 2023 and February 28, 2025.  Likewise, Plaintiff fails to detail his efforts taken to depose the District employee prior to February 28, 2025 or even provide the specific date when the District employee went on medical leave.  The Court does not independently find the non-expert discovery deadline could not have been met despite the parties' diligence.

23  While this is a stipulated motion, a trial date has not been set, and there is no demonstration of prejudice to any party, the parties have not demonstrated diligence in adhering to the guidelines established by the Court in the December 5, 2023 scheduling order.  See City of Pomona, 866 F.3d at 1066.  The parties proposed the February 28, 2025 non-expert discovery deadline in their joint scheduling report. (ECF No. 7 at 4.)  The parties agreed to the same deadline at the December 5, 2023 scheduling conference.  Although there may be additional

4

1. relevant discovery to be uncovered—most notably the depositions of the named parties in this action—the need for such discovery was clearly foreseeable at the time of the scheduling conference. Further, given the paucity of detail in the stipulation and the fact the non-expert deadline expired three weeks prior to the instant motion, the Court cannot find the parties were diligent in seeking amendment once the need to amend became apparent. See United States ex rel. Terry, 327 F.R.D at 404. Accordingly, the Court does not find that the parties were diligent in obtaining discovery within the guidelines established by the Court.[1] The Court denies the parties' stipulated motion to reopen non-expert discovery.

The parties represent that they have "worked cooperatively to advance this matter through fact discovery" and "continue to work cooperatively together to finalize the remaining fact discovery in this case." (ECF No. 19 at 2.) The parties may continue to work together and agree to conduct non-expert discovery after the February 28, 2025 deadline. However, they must do so without judicial enforcement, as any motion to compel or other non-expert discovery motion made to the Court after the expiration of the discovery cutoff "may result in denial of the motion as untimely." (See ECF 14 at 3.)

### B. The Court Grants the Parties' Motion to Amend the Scheduling Order as to the Expert Deadlines and Dispositive Motion Deadline

The parties have also agreed to extend the expert disclosure, supplemental expert disclosure, expert discovery, and dispositive motion deadlines by approximately six months. (ECF No. 14.)

As an initial matter, the Court noted in the December 5, 2023, scheduling order that:

> **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil**

---

[1] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005), superseded on other grounds by statute. The parties can always agree to conduct non-expert discovery, but its enforcement will not be available.

>  **cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

(ECF No. 14 at 7 (emphasis in original).) The Court recognizes that the parties failed to file an affidavit, declaration, or other appropriate exhibit that establishes good cause for granting the modification. However, in the interest of expediency, preserving court resources, and given the timely agreement of the parties as to expert discovery and dipositive motion deadlines, the Court accepts the parties' proffer that an extension is needed due to counsel for Plaintiff's upcoming medical procedure with an approximate three month recovery time. The Court finds good cause exists to modify the scheduling order and extend the expert deadlines and dispositive motion deadline by six months as stipulated by the parties.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to reopen non-expert discovery is DENIED;

2. The parties' stipulation to modify the scheduling order as to the expert deadlines and dispositive motion deadline is GRANTED, and the scheduling order is modified as follows:

    a. Expert Disclosure Deadline: **September 26, 2025**;

    b. Supplemental Expert Disclosure Deadline: **October 17, 2025;**

    c. Expert Discovery Deadline: **December 19, 2025**;

    d. Dispositive Motion Deadline: **May 22, 2026**

3. The Court sets the following dates for the pretrial conference and trial:

    a. Pretrial Conference: **September 14, 2026,** at **1:30 p.m.,** in **Courtroom 6**, before District Judge Kirk E. Sherriff; and

    b. Trial: **December 1, 2026**, at **9:00 a.m.**, in **Courtroom 6**, before District Judge Kirk E. Sherriff; and

/ / /

6

3. All other aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated: **March 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge